UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CONSTANCE WEISSBERG, | ) | CASE NO. 1:14-cv-1567 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CHALFANT MANUFACTURING CO., INC., et al., | ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff pleads her complaint in eight counts (seven of which are state court claims), as follows: (I) age discrimination under Ohio Rev. Code § 4112.14(A); (II) disability discrimination under Ohio Rev. Code § 4112.14(A); (III) hostile work environment under Ohio Rev. Code § 4112.02; (IV) retaliation in violation of the Family and Medical Leave Act – Estoppel; (V) aiding and abetting unlawful practice under Ohio Rev. Code Chapter 4112; (VI) promissory estoppel; (VII) fraudulent misrepresentation; and (VIII) intentional infliction of emotional distress. (Complaint, Doc. No. 1.)

Plaintiff's complaint is the prototypical "shotgun complaint," which is a complaint containing several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most (if not all) of the counts contain irrelevant factual allegations and legal conclusions. *See, e.g.*, *Joseph v. Bernstein*, No. 14-13989, 2015 WL 2190849, at *3 (11th Cir. May 12, 2015). These kinds of complaints have been universally rejected by courts, typically due to their failure to comply with the requirements of Fed. R. Civ. P. 10(b), which provides that claims should be in numbered paragraphs, "limited as far as practicable to a single set of circumstances." *Id.*; *see, e.g.*,

*Trans Rail America, Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988 (6th Cir. 2012) (upholding district court's dismissal of such a complaint, even as amended, because its "fatal flaw" was in failing to "tie any factual allegations to the alleged constitutional violations"); *Opdycke v. Stout*, 233 F. App'x 125, 127 (3d Cir. 2007) (noting that this type of complaint "creates a task that can be quite onerous for courts"); *Griffin v. HSBC Mortg. Servs. Inc.*, No. 4:14-CV-00132-DMB-JMV, 2015 WL 4041657, at *5 (N.D. Miss. July 1, 2015) (shotgun complaints are "subject to dismissal under Rule 12(b)(6)" because they force a trial court to sift out the irrelevancies); *Betts v. Conecuh Cnty. Bd. of Educ.*, No. 14-00356-CG-N, 2015 WL 3717366, at *3 (S.D. Ala. June 15, 2015) (plaintiff "may not simply set out a separate statement of facts, follow it with conclusory causes of action, and then leave it to the Defendants and/or the Court to figure out which factual allegations are meant to support each of those causes of action."); *Sagez v. Global Agric. Inv., LLC*, No. 11-CV-3059-DEO, 2015 WL 1647921, at *4 (N.D. Iowa Apr. 14, 2015) ("Shotgun pleading is prohibited because it obscures plaintiffs' material allegations and severely hinders defendants' ability to form a reasonable response."); *Kantz v. Rubin Lublin, PLLC*, No. 3:14-01113, 2015 WL 1543531, at *5 (M.D. Tenn. Apr. 6, 2015) (rejecting a third amended complaint "consisting of disjointed speculative claims based upon false premises that fails to specify which count is directed at which defendant").[1]

Defendants all moved to dismiss the complaint and the Court set out to decide one of those motions – Doc. No. 13 filed by plaintiff's former employer, Chalfant

---

[1] The Court could, but will not, go on citing cases – this list merely scratching the surface, but adequately making the point and illustrating the problem with these types of pleadings.

Manufacturing Company – solely with respect to Count IV, the only federal claim.[2] That proved to be impossible, given the nature of plaintiff's pleading.

Accordingly, plaintiff is directed to file by July 24, 2015, an amended complaint addressing *only* the purported federal claim against Chalfant under the Family and Medical Leave Act currently contained in Count IV. In the alternative, by that same date, the Court will entertain a motion to voluntarily dismiss the case, in which event defendant Chalfant will have leave until August 7, 2015 to file any opposition, with no reply being permitted.

Further, under 28 U.S.C. § 1367(c)(2), the Court declines to exercise its supplemental jurisdiction over the remaining seven state court claims (Counts I, II, III, V, VI, VII, and VII), because it would be tantamount to the proverbial "tail wagging the dog." *Ohio ex rel. Armstrong v. Stow-Munroe Falls CSD Bd. of Educ.*, No. 5:12-cv-02237, 2013 WL 5406808, at *3 (N.D. Ohio Sept. 25, 2013) (quoting *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) ("Generally, a district court will find substantial predomination where a state claim constitutes the real body of a case, to which the federal claim is only an appendage – only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.")). From a review of the complaint, it appears that these seven state court claims predominate and involve several parties and many issues which are unnecessary to decide the plaintiff's purported single federal claim. Accordingly, all of those counts are dismissed, as are all of the other defendants (namely, John Slaga, Gloria Slaga, Robert Slaga, Janet Cannon, Organizational Performance Coaching, and

---

[2] None of the other defendants are implicated by the FMLA claim, which was pled solely against Chalfant.

Northeast Ohio Business Coaching), since they were not included in the original FMLA claim in Count IV for which the Court is permitting amendment.

**IT IS SO ORDERED**.

Dated: July 10, 2015

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**