# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Constance Weissberg,** ) | Case No. 1:14-cv-01567 |
| 6164 Stanbury Rd. ) | |
| Parma, Ohio 44129 ) | Judge Sara Lioi |
| ) | |
| Plaintiff, ) | **FIRST AMENDED COMPLAINT** |
| ) | |
| vs. ) | |
| ) | **Jury Demand Endorsed Hereon** |
| **Chalfant Manufacturing Co., Inc.,** ) | |
| c/o Daniel Kalk, Statutory Agent ) | |
| 34690 Cannon Road ) | |
| Solon, Ohio 44139 ) | |
| ) | |
| Defendants. ) | |

## PARTIES

1.   Plaintiff Constance Weissberg is an individual who resides at 6164 Stanbury Road, Parma, Ohio 44129.

2.   Defendant Chalfant Manufacturing Co., Inc., ("Chalfant") is an Ohio for-profit corporation registered to do business in the State of Ohio and has its principal place of business at 50 Pearl Road, Suite 212, Brunswick, Ohio 44212.

## GENERAL ALLEGATIONS

3.   Upon information and belief, John Slaga is the president of Chalfant.

4.   Beginning in 2011, Chalfant was aware through its employees, as well as John Slaga, that Plaintiff would need a stomach surgery to correct a hernia problem.

5.      During that period of time Chalfant, through its president John Slaga, repeatedly and unambiguously promised Plaintiff that her job would be safe upon her return from surgery and extended leave.

6.      Chalfant was aware that Plaintiff's stomach surgery would require her to take an extended period of time off from work in order to heal.

7.      In 2012, Rebecca Sandy was an employee of Chalfant.

8.      Chalfant did not have an official Human Resources Department at that time or at any time previously.

9.      Chalfant employees who were in need of taking leave for surgical and other medical procedures would clear that time off through Rebecca Sandy.

10.     This practice of clearing medical leaves of absence with Rebecca Sandy had been in place for several years.

11.     In October 2012, Rebecca Sandy, Chalfant's agent in charge of overseeing leave of absences, told Plaintiff that whenever Plaintiff would decide to have her stomach surgery, Plaintiff's job would be safe upon her return as Plaintiff was covered under the laws of the FMLA.

12.     In November 2012, based on the assurances of Rebecca Sandy that her job would be safe under the Family Medical Leave Act, Plaintiff finally decided to schedule her surgery and requested time off, to begin in December 2012.

13.     Chalfant granted time off for Plaintiff's surgery and recovery.

14.     From December 2012 through February 25, 2013, Plaintiff, because of the clear and unambiguous representations Chalfant gave her that her job would be safe due to the Family Medical Leave Act, believed she was on FMLA leave due to her stomach surgery.

15. Upon Plaintiff's return to work from FMLA leave, Plaintiff remained a productive employee for Defendants.

16. Upon her return to work from what Plaintiff had been led to believe was FMLA leave, Plaintiff, as shown in Exhibit 1, was to report directly to the CEO.

17. Upon her return to work on February 25, 2013 through June 5, 2013, the company's CEO, Gloria Slaga, testified she knew of no complaints or negative work place behavior involving Plaintiff.

18. Notwithstanding the lack of any complaints or negative work place behavior regarding Plaintiff to Gloria Slaga, Chalfant terminated Plaintiff's employment a little more than three months after Plaintiff's return to work from what had been represented to her as FMLA leave due, in part, for Plaintiff taking a medical leave of absence.

## COUNT I
## RETALIATION IN VIOLATION OF THE FMLA - ESTOPPEL

19. Plaintiff repeats and alleges paragraphs 1 through 18 as though fully set forth herein.

20. Based on the representations of Chalfant made through Rebecca Sandy, Chalfant's *de facto* agent in charge of overseeing medical leaves of absences, Plaintiff availed herself of a protected right under the FMLA (§2 et seq., 29 U.S.C. §2601 et seq.) by taking leave to undergo and recover from her stomach surgery.

21. Rebecca Sandy, who had told Plaintiff that her leave and job would be protected under the FMLA, was aware that that Plaintiff – in scheduling the surgery and requesting time off for the surgery and recovery – had attempted to avail herself of a protected right under the FMLA.

22. Rebecca Sandy's knowledge of Plaintiff's reliance on Rebecca Sandy's representations, as Chalfant's *de facto* human resources agent in charge of administering leaves of absence, is imputed to Chalfant.

23. Plaintiff, who returned to work on February 25, 2013, suffered an adverse employment action just a little more than three months following Plaintiff's return when Chalfant terminated Plaintiff, in part, for Plaintiff taking a medical leave of absence.

24. Chalfant's termination of Plaintiff's employment, in part, was causally related to Plaintiff engaging in protected activity under the FMLA.

25. Chalfant's representations, made through its *de facto* human resources agent in charge of overseeing medical leaves of absence, which Plaintiff reasonably relied on in scheduling the surgery and asking for time to recover, estops Chalfant from asserting that (1) it is not an employer under the FMLA and (2) that Plaintiff is not covered by the FMLA's protections.

26. As a direct and proximate result of Chalfant's conduct in terminating Plaintiff because she took a medical leave of absence under what she was she was led to believe was FMLA protection, Plaintiff has suffered damages in excess of $25,000.00.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant accordingly:

A.) <u>Count I –Retaliation in Violation of the FMLA, Estoppel:</u> The Court grants judgment in Plaintiff's favor and against Chalfant for back pay, actual money losses in an amount to be determined at trial, liquidated damages, plus attorney fees, statutory interest, costs, and other expenses incurred such that Plaintiff is made whole.

B.) For any other relief that this court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all triable issues.

Respectfully submitted,

/s/ Matthew Abens
DAVID L. HARVEY III (0080918)

4

5

        MATTHEW B. ABENS (0075308)
        Harvey Abens Iosue Co., LPA
        3404 Lorain Avenue
        Cleveland, OH 44113
        Phone: (216)651-0256
        Fax: (216)651-1131
        dvdharv@harvlaw.com
        mbabens@harvlaw.com

        Counsel for Plaintiff

5