

## Harvey | Abens | Iosue CO., LPA

www.harvlaw.com

June 21, 2013

Mr. John Slaga, President
Chalfant Manufacturing Co., Inc.
50 Pearl Road, Suite 212
Brunswick, Ohio 44212-5704

      Re:    **Wrongful termination of Connie Weissberg**
               **Evid.R. 408 communication**

Dear Mr. Slaga,

My name is David L. Harvey III with the law firm of Harvey Abens Iosue Co. LPA. Please accept this letter as notice that I represent Ms. Connie Weissberg as it relates to her wrongful termination from Chalfant. Although I am aware that you are a licensed attorney in the State of Ohio, I do not know if you will be representing Chalfant as it relates to this matter. If you are, I will continue to communicate directly with you for all matters concerning Chalfant and my client. However, if Chalfant will retain outside legal counsel, please forward this letter to Chalfant's attorney immediately upon your receipt of this letter.

As you know, Chalfant recently terminated my client's employment. Upon termination Chalfant presented my client with a "General Release Agreement" wherein Chalfant offered Ms. Weissberg $10,000.00 to settle any and all wrongful termination claims she may have against Chalfant. The agreement also requires Ms. Weissberg to admit that she has not been a victim of wrongful treatment in connection with her employment with Chalfant. Please accept this letter as notice of my client's refusal of and counteroffer to the release terms contained in that general release.

Based on my review of the circumstances, it appears that Chalfant terminated Ms. Weissberg because of her age. Reviewing the release, there is an inference that Chalfant is aware that it has discriminated against Ms. Weissberg by conditioning her separation payment for release of any age discrimination claims. Specifically, 80% of the $10,000.00 offer is apportioned for my client's potential age discrimination claim. It is unclear what the remaining 20% would be attributed to, but it certainly seems apparent that Chalfant is cognizant of its illegal action in terminating Ms. Weissberg on account of her age.

In addition, Ms. Weissberg will have a viable claim for intentional infliction of emotional distress against both Chalfant and several supervisors individually, including Robert Slaga. To that end, Ms. Weissberg will assert that the foundation for her wrongful termination began in October 2012 and was finally completed in June 2013. During this eight month period, it appears as if Chalfant supervisors acted in an intentionally extreme and outrageous manner in order to force Ms. Weissberg to quit her employment with Chalfant. When this proved unsuccessful, Chalfant was forced to act in the illegal manner it did. As a direct result of

Chalfant's intentional conduct, Ms. Weissberg sought and has been under the psychiatric care of Dr. Raman Baishnab starting in October 2012.

To conclude, Ms. Weissberg has, at a minimum, viable claims for age discrimination and intentional infliction of emotional distress, both of which carry the potential for punitive damages.  Please understand that as it relates to these claims, Ms. Weissberg will bring them against Chalfant as a business entity and *personally* against all supervisors who aided and abetted the discrimination or who took part in intentionally inflicting emotional distress upon my client.  Therefore, in the event that we cannot settle our differences pre-suit, please be advised that you, your wife Gloria, and your brother Robert may have to obtain counsel independent of Chalfant as the legal interests of these individuals might conflict at some point with the interests of Chalfant as a separate and distinct business entity.

Ms. Weissberg does desire to resolve her issues with Chalfant amicably.  Because my client intended to work for another two (2) years, Ms. Weissberg potentially could recover approximately $110,000.00 in compensatory damages (based on prior salary/bonus structures) along with punitive damages.  Consequently, Chalfant's and its supervisors' exposure in this matter could be very significant.  Nevertheless, my client is willing to settle any and all claims against Chalfant and its supervisors for $55,000.00, an amount that has been represented to me as one year of compensation.  My client feels one year salary is fair considering the service she provided Chalfant spanning over four decades and the manner in which she was unceremoniously and illegally terminated.

This offer shall remain open until the close of business on July 1, 2013.  You can respond to me at dvdharv@harvlaw.com, 440-816-1470, or the Berea address found at the bottom of the first page of this letter.  If I do not receive any response by that time, my client will examine and pursue all available civil remedies at her disposal.

Thank you for your time and attention to this matter.  I look forward to your anticipated cooperation.

Sincerely,

David L. Harvey III